```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     Plaintiff,   ) | Criminal Action No. 5:99-39-JMH |
| ) | Civil Action No. 5:05-233-JMH |
| v.   ) | |
| ) | |
| ALLEN LAWRENCE, JR.,   ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
|     Defendant.   ) | |

                      **    **    **    **    **

This action is before the Court on the Report and Recommendation of Magistrate Judge James B. Todd [Record No. 314]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Record No. 290]. Defendant has filed objections to the report and recommendation [Record No. 316], and the United States has filed a response [Record No. 317]. This matter is now ripe for a decision.

Defendant challenges his December 18, 1999, conviction and March 3, 2000, sentencing for numerous drug and weapons charges. As grounds for his motion Defendant argues (1) that he received ineffective assistance of trial counsel with respect to rejection of the government's plea offer and his motion to suppress; (2) that he received ineffective assistance of appellate counsel on direct appeal for failing to challenge Jury Instruction No. 16, which Lawrence claims is faulty; and (3) that he was sentenced in

violation of the Sixth Amendment and *United States v. Booker*, 543 U.S. 220 (2005).  This Court has reviewed *de novo* the record in its entirety and adopts the procedural history of Magistrate Judge Todd's Report and Recommendation as the Court's own.

Defendant did not challenge Magistrate Judge Todd's findings that appellate counsel's assistance was not ineffective and that Defendant cannot challenge his sentence under the Sixth Amendment because *United States v. Booker* does not apply retroactively. Having reviewed these findings, the Court finds them well-reasoned and adopts the Magistrate Judge's analysis as its own.

In his objections, Defendant requests *de novo* review of the suppression issue because he believes Judge Henry R. Wilhoit, Jr.'s recusal [Record No. 315] casts into doubt his credibility. Defendant's accusations are baseless, as Judge Wilhoit sits in Ashland and has reassigned a number of Lexington cases to the undersigned judge, including this case, *United States v. Gonzales-Castellanos*, Case No. 5:89-cr-5, and *United States v. Clay*, Case No. 5:00-cr-100.  As to the argument that trial counsel was ineffective with respect to the motion to suppress, the Court has reviewed Magistrate Judge Todd's findings *de novo*, and, finding it well reasoned, adopts his analysis as its own.

Finally, with respect to the issue of whether trial counsel was ineffective with respect to the plea bargain, the Court agrees with the Magistrate Judge's conclusions.  However, the Magistrate

2

Judge's analysis of whether the defendant had notice that the mandatory minimum sentence was forty years on November 19, 1999 is superfluous because the record is clear that plea negotiations ended permanently once the defendant filed his motion to suppress on June 11, 1999. Having reviewed the Magistrate Judge's proposed findings of fact and recommendations and the defendant's objections, the Court adopts the following factual findings regarding the plea offer:

> Lawrence claims that his counsel was ineffective for advising him not to accept the government's plea offer and to proceed to trial and that had he (Lawrence) known he was facing a mandatory minimum sentence of 40 years, he would have taken the government's plea offer.
> This issue is complicated by the fact that Lawrence has had two different trial counsel. Initially, Lawrence was represented by retained counsel James I. Lowry, IV. While being represented by Mr. Lowry, the government proposed a plea agreement to Lawrence, through Mr. Lowry, and Mr. Lowry presented the plea offer to Lawrence. Before making a decision on the plea offer, Lawrence sought a second opinion from another attorney, Daniel J. O'Brien in Dayton, Ohio, who Lawrence subsequently retained as co-counsel with Mr. Lowry. Based on Lawrence's affidavit, Mr. O'Brien advised Lawrence not to accept the government's plea offer, Lawrence rejected the plea offer, and Mr. Lowry subsequently filed a motion to suppress, which, following a hearing, was ultimately denied.
> In August of 1999, Mr. Lowry withdrew as co-counsel for Lawrence, and Lawrence was represented for a period of time by Mr. O'Brien. However, prior to trial, Lawrence became displeased with Mr. O'Brien and moved to proceed *pro se* at trial, but with Mr. O'Brien as stand-by counsel. The trial court granted that motion, and Mr. O'Brien was Lawrence's stand-by counsel at trial.

Proposed Findings of Fact and Recommendations at 4.

> Lawrence claims that Mr. O'Brien advised him to reject the plea offer without having first reviewed the

> government's evidence against him. The United States
> points out that Lawrence's first attorney, Mr. Lowry, was
> provided with all of the discovery materials, and it
> appears that Mr. Lowry shared those documents with Mr.
> O'Brien. In fact, the Court ruled that notice to Mr.
> Lowry was notice to Mr. O'Brien.

Proposed Findings of Fact and Recommendations at 7.

The Court also finds the following additional facts: (1) Mr. Lowry was appointed as defendant's counsel at defendant's initial appearance on April 22, 1999; (2) on June 4, 1999, Mr. O'Brien entered his initial appearance; (3) on June 11, 1999, the motion to suppress was filed; (4) Mr. Lowry withdrew as counsel on August 19, 1999; (5) on August 23, 1999, the Court held a suppression hearing; and (6) on October 7, 1999, the Court denied the defendant's motion to suppress. The Court also finds that, when the defendant filed his motion to suppress on June 4, 1999, he effectively ended plea negotiations. *See United States' Response to Defendant's Objections* [Record No. 317] at 3 ("The United States, however, had previously indicated that it would not enter plea negotiations after the motion to suppress was filed"). Since the alleged ineffective assistance was Mr. O'Brien's advice not to accept the plea agreement, the relevant time period is from June 4, 1999, when Mr. O'Brien was retained as counsel, to June 11, 1999, when Mr. O'Brien was retained.

The Court agrees with Magistrate Judge Todd that *Santosuosso v. United States*, 74 F.3d 1240 (6th Cir. 1996), is instructive. In *Santosuosso*, the criminal defendant consulted several attorneys

with respect to his case. His original attorney, Thomas Longo, arranged a plea bargain and advised that Santosuosso accept it. *Santosuosso*, 74 F.3d at *1. Santosuosso initially agreed to accept the plea bargain but then chose not to at the advice of two other attorneys, who were not his attorneys of record at that time. *Id.* These attorneys told Santosuosso that "he would not be tried and that they could get his case dismissed." *Id.* at * 4. The Sixth Circuit held that "their advice was indeed 'ineffective,' in the general sense that it cost Santosuosso the benefit of the plea bargain arranged by Longo." *Id.* at *1. However, in denying Santosuosso's 28 U.S.C. § 2255 motion, the Sixth Circuit held that "'[t]he Sixth Amendment right to effective assistance of counsel . . . does not include the right to receive good advice from every lawyer a criminal defendant consults about his case,'" *Id.* at *3 (quoting *United States v. Martini*, 31 F.3d 781, 782 (9th Cir. 1994)), and that Santosuosso's allegations "[fell] squarely within the tactical decision exception." *Santosuosso*, 74 F.3d at *4.

Like in *Santosuosso*, Lawrence's original attorney negotiated a plea bargain with the government. Lawrence knew that he would forfeit the plea agreement if he filed a motion to suppress, but he chose to listen to another attorney who told Lawrence he could beat the charge. Lawrence was not entitled to good advice from every attorney he consulted, and the decision to file the motion to

5

suppress was a tactical decision. Lawrence's gamble failed to succeed, and he is not entitled to Section 2255 relief.

This Court agrees with Magistrate Judge Todd that Defendant's motion should be denied for the reasons set forth in the Report and Recommendation.

Accordingly, **IT IS ORDERED**:

(1) That the Report and Recommendation of the magistrate [Record No. 314] be, and the same hereby is, **ACCEPTED IN PART AND REJECTED IN PART**; and

(2) That Defendant's motion to vacate under 28 U.S.C. § 2255 [Record No. 290] be, and the same hereby is, **DENIED**.

This is the 7th day of May, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge

6